In The U.S. Bankruptcy Court
For the District of Maryland
Baltimore, MD 21201



FILED
2013 NOV 12 PM 12:33
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

In re:                                              :
                                                    :     Chapter 11
FPI Liquidation Corp.        Debtor                 :     Case No. 11-10338 (RAG)

### Motion For Stay of Proceedings

May this Court note that since I am an interested party in the Estate of Debtor FPI and I still do have a claim pending against the Debtor in Baltimore City Circuit Court (BCCC), I request this Bankruptcy Court should stay all proceedings in the above case, as the High Court has held in 'Gulfstream', that in such a given situation, the proceedings should be stayed until the lower court is done.  See pp. 2-7 - extract of BCCC case #24C06003857 docket and extract of 'Gulfstream' hereby attached.

I do request a "hearing" to fortify my argument pursuant to Maryland Rule 2-311(f).

Respectfully Submitted by: _____
David Kissi, Petitioner
# 38348-037
FCI Allenwood Low
PO Box 1000
White Deer, PA 17887

### Certificate of Service

That on this day of 11/8/2013 Petitioner did send copies of this Motion to the other side per the Debtor's Counsel of Record Alan C. Lazerow, Whiteford, Taylor & Preston, LLP, Seven St. Paul Street, Baltimore, MD 21202.

_____
David Kissi, Interested Party

Circuit Court of Maryland

Go Back

## Case Information

Court System: **Circuit Court for Baltimore City - Civil System**
Case Number: **24C06003857**
Title: **David Kissi vs Frank Parsons, et al**
Case Type: **Other Tort**   Filing Date: **04/28/2006**
Case Status: **Reopened/Active**

## Plaintiff/Petitioner Information

*(Each Plaintiff/Petitioner is displayed below)*
Party Type: **Plaintiff**   Party No.: **1**
Name: **Kissi, David**
Address: **325 Pennsylvania Ave., SE**
City: **Washington**   State: **DC**   Zip Code: **20003**
Address: **4305 Ammendale Rd**
City: **Beltsville**   State: **MD**   Zip Code: **20705**

*Attorney(s) for the Plaintiff/Petitioner*
Name: **Francis, Esq, Ernest P**
Appearance Date: **12/15/2006**
Practice Name: **Ernest P. Francis, LTD**
Address: **1655 N. Fort Myer Drive**
**Suite 700**
City: **Arlington**   State: **VA**   Zip Code: **22209**

## Defendant/Respondent Information

*(Each Defendant/Respondent is displayed below)*
Party Type: **Defendant**   Party No.: **1**
Name: **Parsons, Frank**
Address: **4665 Hollins Ferry Rd**
City: **Baltimore**   State: **MD**   Zip Code: **21227**
Address: **1300 Mercedes Dr.**
City: **Hanover**   State: **MD**   Zip Code: **21076**

*Attorney(s) for the Defendant/Respondent*
Name: **Masson, JR, George**
Appearance Date: **07/11/2006**
Practice Name:
Address: **Suite 700**
**1900 M Street, NW**
City: **Washington**   State: **DC**   Zip Code: **20036-3532**

Party Type: **Defendant**   Party No.: **2**
Name: **Sheridan, Donna**
Address: **4665 Hollins Ferry Rd**
City: **Baltimore**   State: **MD**   Zip Code: **21227**

Doc No./Seq No.: **23/0**
    File Date: **09/29/2011**  Close Date: **10/13/2011**  Decision: **Denied**
    Party Type: **Plaintiff**  Party No.: **1**
Document Name: **Motion to Stay (FOR ORDER OF COURT SEE ORDER ENTRY #22/1)**

Doc No./Seq No.: **24/0**
    File Date: **01/18/2012**  Close Date: **01/26/2012**  Decision:
    Party Type: **Plaintiff**  Party No.: **1**
Document Name: **Line-A Praecipe, Attorney, E.P. Francis doesn't represent the Plaintiff any longer**

Doc No./Seq No.: **25/0**
    File Date: **02/21/2012**  Close Date:   Decision:
    Party Type: **Plaintiff**  Party No.: **1**
Document Name: **2nd Motion for Reconsideration Time Pursuant to Md Rule 2-533(b)**

Doc No./Seq No.: **26/0**
    File Date: **04/24/2012**  Close Date:   Decision:
    Party Type: **Plaintiff**  Party No.: **1**
Document Name: **THIRD SUPPLEMENT TO MARYLAND RULE 2-535(b) MOTION TO RECONSIDER**

Doc No./Seq No.: **27/0**
    File Date: **07/16/2012**  Close Date:   Decision:
    Party Type: **Plaintiff**  Party No.: **1**
Document Name: **Third Motion to Expedite to Open Case this Case Pursuant to Md. Rule 2-533(b)**

Doc No./Seq No.: **28/0**
    File Date: **07/18/2013**  Close Date: **07/18/2013**  Decision:
Document Name: **Notice of Cont. Dismissal Lack of Pros.**

Doc No./Seq No.: **29/0**
    File Date: **08/02/2013**  Close Date: **10/29/2013**  Decision: **Granted**
    Party Type: **Plaintiff**  Party No.: **1**
Document Name: **Motion to Defer Dismissal - Md. Rule 2-507(c) (Lack of Prosecution)**

Doc No./Seq No.: **29/1**
    File Date: **10/31/2013**  Close Date:   Decision:
Document Name: **Order of Court deferring 2-507(c) dismissal until Jan. 31, 2014**

Doc No./Seq No.: **29/2**
    File Date: **10/31/2013**  Close Date:   Decision:
Document Name: **Copies Mailed**

Doc No./Seq No.: **30/0**

circumstances of this case supported a stay or dismissal of the federal court action under *Colorado River*. The District Court disagreed. Finding that "the facts of this case fall short of those necessary to justify" the discontinuance of a federal court proceeding under *Colorado River*, the District Court denied petitioner's motion. *See* No. C 85-20658 RPA (ND Cal., Jan. 24, 1986).

Petitioner filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit, alleging that the

Page 485 U. S. 274

Court of Appeals had jurisdiction over the appeal under either 28 U.S.C. § 1291 [Footnote 2] or 28 U.S.C. § 1292(a)(1). [Footnote 3] Petitioner also requested the Court of Appeals, in the event it found that neither of these sections provided appellate jurisdiction, to treat the notice of appeal as an application for a writ of mandamus, brought pursuant to the All Writs Act, 28 U.S.C. § 1651, [Footnote 4] and to grant the application. The Court of Appeals dismissed the appeal for lack of jurisdiction, holding that neither § 1291 nor § 1292(a)(1) allowed an immediate appeal from the District Court's order. 806 F.2d 928, 929-930 (1987). [Footnote 5] The Court of Appeals then declined to treat petitioner's notice of appeal as an application for mandamus on the ground that the District Court's order would not cause "serious hardship or prejudice" to petitioner. *Id.* at 930. Finally, the Court of Appeals stated that, even if the notice of appeal were to be treated as an application for mandamus, petitioner did not have a right to the writ because "[i]t was well within the district court's discretion to deny" petitioner's motion. *Id.* at 930-931.

Page 485 U. S. 275

We granted certiorari, 481 U.S. 1068 (1987), to resolve a division in the Circuits as to whether a district court's denial of a motion to stay litigation pending the resolution of a similar proceeding in state court is immediately appealable. [Footnote 6] We now affirm.

II

Petitioner's principal contention in this case is that the District Court's order denying the motion to stay or dismiss the federal court litigation is immediately appealable under § 1291. That section provides for appellate review of "final decisions" of the district courts. This Court long has stated that, as a general rule, a district court's decision is appealable under this section only when the decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U. S. 229, 324 U. S. 233 (1945). [Footnote 7] The order at issue in this case has no such effect: indeed, the order ensures that litigation will continue in the District Court. In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U. S. 541 (1949), however, we recognized a "small

Page 485 U. S. 276

class" of decisions that are appealable under § 1291 even though they do not terminate the underlying litigation. *Id.* at 337 U. S. 546. We stated in *Cohen* that a district court's decision is appealable under § 1291 if it

"finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

*Ibid.* Petitioner asserts that the District Court's decision in this case falls within *Cohen's* "collateral order" doctrine.

Since *Cohen*, we have had many occasions to revisit and refine the collateral order exception to the final judgment rule. We have articulated a three-pronged test to determine whether an order that does not finally resolve a litigation is nonetheless appealable under § 1291. See *Coopers & Lybrand v. Livesay*, 437 U. S. 463 (1978); see also, e.g., *Richardson-Merrell Inc. v. Koller*, 472 U. S. 424, 472 U. S. 431 (1985); *Firestone Tire & Rubber Co. v. Risjord*, 449 U. S. 368, 449 U. S. 375 (1981). First, the order must "conclusively determine the disputed question." *Coopers & Lybrand v. Livesay*, 437 U.S. at 437 U. S. 468. Second, the order must "resolve an important issue completely separate from the merits of the action." *Ibid.* Third and finally, the order must be "effectively unreviewable on appeal from a final judgment." *Ibid.* (footnote omitted). If the order at issue fails to satisfy any one of these requirements, it is not appealable under the collateral order exception to § 1291.

This Court held in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U. S. 1 (1983), that a district court order granting a stay of litigation pursuant to *Colorado River* meets each of the three requirements of the collateral order doctrine, and therefore is appealable under § 1291. 460 U.S. at 460 U. S. 11-13. In applying the collateral order doctrine, we found that an order refusing to proceed with litigation because of the pendency of a similar action in state court satisfies the second and third prongs of the test.

Page 485 U. S. 277

We stated that such an order "plainly presents an important issue separate from the merits," and that it would be "unreviewable if not appealed now" because, once the state court has decided the issues in the litigation, the federal court must give that determination *res judicata* effect. *Id.* at 460 U. S. 12 (footnote omitted). The Court gave more extended treatment to the first requirement of the collateral order doctrine that the order "conclusively determine the disputed question." We contrasted two kinds of nonfinal orders: those that are "inherently tentative," *id.* at 460 U. S. 12, n. 14, quoting *Coopers & Lybrand v. Livesay*, supra, at 437 U. S. 469, n. 11, and those that, although technically amendable, are "made with the expectation that they will be the final word on the subject addressed," 460 U.S. at 460 U. S. 12, n. 14. We used the order challenged in *Coopers & Lybrand v. Livesay*, supra, which denied certification of a class, as an example of the kind of order that is inherently tentative because a district court ordinarily would expect to reassess and revise such an order in response to events occurring "in the ordinary course of litigation." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, supra, at 460 U. S. 13, n. 14. We then stated that an order granting a stay of litigation in federal court pursuant to the doctrine of *Colorado River* was not of this tentative nature. An order granting a *Colorado River* stay, we noted, "necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case" because a district court may enter such an order only if it has full confidence that the parallel state proceeding will "be an adequate vehicle for the complete and prompt resolution of the issues between the parties." 460 U.S. at 460 U. S. 28; see id. at 460 U. S. 13. Given that a district court normally would expect the order granting the stay to settle the matter for all time, the "conclusiveness" prong of the collateral order doctrine is satisfied, and the order is appealable under § 1291.

Application of the collateral order test to an order denying a motion to stay or dismiss an action pursuant to *Colorado*

Page 485 U. S. 278

*River*, however, leads to a different result. We need not decide whether the denial of such motion satisfies the second and third prongs of the collateral order test -- the separability of the decision from the merits of the action and the reviewability of the decision on appeal from final judgment -- because the order fails to meet the initial requirement of a conclusive determination of the disputed question. A district court that denies a *Colorado River* motion does not "necessarily contemplate" that the decision



Case 11-10338   Doc 1050   Filed 11/12/13   Page 5 of 7

Gulfstream Aerospace v. Mayacamas - 485 U.S. 271 (1988) :: Justia US S    Gulfstream Aerospace v. Mayacamas - 485 U.S. 271 (1988) :: Justia U

will close the matter for all time. In denying such a motion, the district court may well have determined only that it should await further developments before concluding that the balance of factors to be considered under *Colorado River*, see n 1, *supra*, warrants a dismissal or stay. The district court, for example, may wish to see whether the state court proceeding becomes more comprehensive than the federal court action, or whether the former begins to proceed at a more rapid pace. Thus, whereas the granting of a *Colorado River* motion necessarily implies an expectation that the state court will resolve the dispute, the denial of such a motion may indicate nothing more than that the district court is not completely confident of the propriety of a stay or dismissal at that time. Indeed, given both the nature of the factors to be considered under *Colorado River* and the natural tendency of courts to attempt to eliminate matters that need not be decided from their dockets, a district court usually will expect to revisit and reassess an order denying a stay in light of events occurring in the normal course of litigation. Because an order denying a *Colorado River* motion is "inherently tentative" in this critical sense -- because it is not "made with the expectation that [it] will be the final word on the subject addressed" -- the order is not a conclusive determination within the meaning of the collateral order doctrine, and therefore is not appealable under § 1291.

Page 485 U. S. 279

III

Petitioner argues in the alternative that the District Court's order in this case is immediately appealable under § 1292(a)(1), which gives the courts of appeals jurisdiction of appeals from interlocutory orders granting or denying injunctions. An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction, and therefore is not appealable under § 1292(a)(1). See *Switzerland Cheese Assn., Inc. v. E. Horne's Market, Inc.*, 385 U. S. 23, 385 U. S. 25 (1966); *International Products Corp. v. Koons*, 325 F.2d 403, 406 (CA2 1963) (Friendly, J.). Under the *Enelow-Ettelson* doctrine, however, certain orders that stay or refuse to stay judicial proceedings are considered injunctions, and therefore are immediately appealable. Petitioner asserts that the order in this case, which denied a motion for a stay of a federal court action pending the resolution of a concurrent state court proceeding, is appealable under § 1292(a)(1) pursuant to the *Enelow-Ettelson* doctrine.

The line of cases we must examine to resolve this claim began some 50 years ago, when this Court decided *Enelow v. New York Life Ins. Co.*, 293 U. S. 379 (1935). At the time of that decision, law and equity remained separate jurisprudential systems in the federal courts. The same judges administered both these systems, however, so that a federal district judge was both a chancellor in equity and a judge at law. In *Enelow*, the plaintiff sued at law to recover on a life insurance policy. The insurance company raised the affirmative defense that the policy had been obtained by fraud, and moved the District Court to stay the trial of the law action pending resolution of this equitable defense. The District Court granted this motion, and the plaintiff appealed. This Court likened the stay to an injunction issued by an equity court to restrain an action at law. The Court stated:

"[T]he grant or refusal of . . . a stay by a court of equity of proceedings at law is a grant or refusal of an injunction

Page 485 U. S. 280

within the meaning of [the statute.] And, in this aspect, it makes no difference that the two proceedings are stayed, are both pending in the same court, in view of the established distinction between 'proceedings at law and proceedings in equity in the national courts.'
. . ."

"It is thus apparent that, when an order or decree is made . . . requiring, or refusing to require, that an equitable defense shall first be tried, the court, exercising what is essentially an equitable jurisdiction, in effect grants or refuses an injunction restraining proceedings at law precisely as if the court had acted upon a bill of complaint in a separate suit for the same purpose."

*Id.* at 293 U. S. 382-383. The Court thus concluded that the District Court's order was appealable under § 1292(a)(1).

In *Ettelson v. Metropolitan Life Ins. Co.*, 317 U. S. 188 (1942), the Court reaffirmed the rule of *Enelow*, notwithstanding that the Federal Rules of Civil Procedure had fully merged law and equity in the interim. The relevant facts of *Ettelson* were identical to those of *Enelow*, and the Court responded to them in the same fashion. In response to the argument that the fusion of law and equity had destroyed the analogy between the stay ordered in the action and an injunction issued by a chancellor of a separate proceeding at law, the Court stated only that the plaintiffs were "in no different position than if a state equity court had restrained them from proceeding in the law action." 317 U.S. at 317 U. S. 192. Thus, the order granting the stay was held to be immediately appealable as an injunction.

The historical analysis underlying the results in *Enelow* and *Ettelson* has bred a doctrine of curious contours. Under the *Enelow-Ettelson* rule, most recently restated in *Baltimore*

Page 485 U. S. 281

*Contractors, Inc. v. Bodinger*, 348 U. S. 176 (1955), an order by a federal court staying or refusing to stay its own proceedings is appealable under § 1292(a)(1) as the grant or denial of an injunction if two conditions are met. First, the action in which the order is entered must be an action that, before the merger of law and equity, was, by its nature, an action at law. Second, the order must arise from or be based on some matter that would then have been considered an equitable defense or counterclaim. If both conditions are satisfied, the historical equivalent of the modern order would have been an injunction, issued by a separate equity court, to restrain proceedings in an action at law. If either condition is not met, however, the historical analogy fails. When the underlying suit is historically equitable and the stay is based on a defense or counterclaim that is historically legal, the analogy fails because a law judge had no power to issue an injunction restraining equitable proceedings. And when both the underlying suit and the defense or counterclaim on which the stay is based are historically equitable, or when both are historically legal, the analogy fails because, when a chancellor or a law judge stayed an action in his own court, he was not issuing an injunction, but merely arranging matters on his docket. Thus, unless a stay order is made in a historically legal action on the basis of a historically equitable defense or counterclaim, the order cannot be analogized to a premerger injunction, and therefore cannot be appealed under § 1292(a)(1) pursuant to the *Enelow-Ettelson* doctrine.

The parties in this case dispute whether the *Enelow-Ettelson* rule makes the District Court's decision to deny a stay immediately appealable under § 1292(a)(1). Both parties agree that an action for breach of contract was an action at law prior to the merger of law and equity. They vigorously contest, however, whether the stay of an action pending the resolution of similar proceedings in a state court is equitable in the requisite sense. Petitioner relies primarily on the decision of the United States Court of Appeals for the

Page 485 U. S. 282

Seventh Circuit in *Microsoftware Computer Systems, Inc. v. Ontel Corp.*, 686 F.2d 53 (1982). That court held that a stay issued under *Colorado River* is based on the polic



of avoiding "the unnecessary and wasteful duplication of lawsuits," which is historically an equitable defense. 686 F.2d at 536. Respondent, on the other hand, urges us to adopt the reasoning of the Ninth Circuit in this case. In its decision, the court below drew a distinction between motions that raised equitable "defenses" and motions that raised equitable "considerations." 806 F.2d at 929-930. The court held that a motion for a stay pursuant to Colorado River was based only on equitable considerations, and that the Enelow-Ettelson rule therefore did not apply. [Footnote 8]

We decline to address the issue of appealability in these terms; indeed, the sterility of the debate between the parties illustrates the need for a more fundamental consideration of the precedents in this area. This Court long has understood that the Enelow-Ettelson rule is deficient in utility and sense. In the two cases we have decided since Ettelson relating to the rule, we criticized its perpetuation of "outmoded procedural differentiations" and its consequent tendency to produce incongruous results. Baltimore Contractors, Inc. v. Bodinger, supra, at 348 U. S. 184; see Morgantown v. Royal Ins. Co., 337 U. S. 254, 337 U. S. 257-258 (1949). We refrained then from overruling the Enelow and Ettelson decisions, [Footnote 9] but today we take

Page 485 U. S. 283

that step. A half century's experience has persuaded us, as it has persuaded an impressive array of judges and commentators, that the rule is unsound in theory, unworkable and arbitrary in practice, and unnecessary to achieve any legitimate goals.

As an initial matter, the Enelow-Ettelson doctrine is, in the modern world of litigation, a total fiction. Even when the rule was announced, it was artificial. Although, at that time, law and equity remained two separate systems, they were administered by the same judges. When a single official was both chancellor and law judge, a stay of an action at law on equitable grounds required nothing more than an order issued by the official regulating the progress of the litigation before him, and the decision to call this order an injunction just because it would have been an injunction in a system with separate law and equity judges had little justification. With the merger of law and equity, which was accomplished by the Federal Rules of Civil Procedure, the practice of describing these stays as injunctions lost all connection with the reality of the federal courts' procedural system. As Judge Charles Clark, the principal draftsman of the Rules, wrote:

"[W]e lack any rationale to explain the concept of a judge enjoining himself when he merely decides upon the method he will follow in trying the case. The metamorphosis of a law judge into a hostile chancellor on the other 'side' of the court could not have been overclear to the lay litigant under the divided procedure; but if now, without even that fictitious sea change, one judge in one form of action may split his judicial self at one instant into two mutually antagonistic parts, the litigant surely will think himself in Alice's Wonderland."

Beaunit Mills, Inc. v. Eday Fabric Sales Corp., 124 F.2d 563, 565 (CA2 1942). The Enelow rule had presupposed two different systems of justice administered by separate tribunals, even if these tribunals

Page 485 U. S. 284

were no more than two "sides" to the same court; with the abandonment of that separation, the premise of the rule disappeared. The doctrine, and the distinctions it drew between equitable and legal actions and defenses, lost all moorings to the actual practice of the federal courts.

The artificiality of the Enelow-Ettelson doctrine is not merely an intellectual infelicity; the gulf between the historical procedures underlying the rule and the modern procedures of federal courts renders the rule hopelessly unworkable in operation. The decisions in Enelow and Ettelson treated as straightforward the questions whether the underlying suit, on the one hand, and the motion for a stay, on the other, would

properly have been brought in a court of equity or in a court of law. Experience since the merger of law and equity, however, has shown that both questions are frequently difficult, and sometimes insoluble. Suits that involve diverse claims and request diverse forms of relief often are not easily categorized as equitable or legal. As one Court of Appeals complained in handling such a suit,

"Enelow-Ettelson is virtually impossible to apply to a complaint . . . in which the averments and prayers are a puree of legal and equitable theories and of claims that had no antecedents in the old bifurcated system."

Danford v. Schwabacher, 488 F.2d 454, 456 (CA9 1973). Actions for declaratory judgments are neither legal nor equitable, and courts have therefore had to look to the kind of action that would have been brought had Congress not provided the declaratory judgment remedy. Thus, the rule has placed courts

"in the unenviable position not only of solving modern procedural problems by the application of labels which have no currency, but also of considering the nature of law suits which were never brought."

Diematic Manufacturing Corp. v. Packaging Industries, Inc., 516 F.2d 975, 978 (CA2) cert. denied, 423 U.S. 913 (1975). The task of characterizing stays as based in either law or equity has proved equally intractable. In an early case applying the doctrine, for example, this Court held that

Page 485 U. S. 285

a stay of an action at law pending arbitration is appealable as an injunction because "the special defense setting up the arbitration agreement is an equitable defense." Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U. S. 449, 293 U. S. 452 (1935). But as one Court of Appeals has noted, a chancellor could not have enforced an arbitration agreement and, correlatively, could not have stayed a suit at law pending arbitration. See Olson v. Paine, Webber, Jackson & Curtis, Inc., 806 F.2d 731, 735 (CA7 1986), citing, e.g., J. Story, Commentaries on Equity Pleadings § 804 (Gould 10th rev. ed. 1892). More recently, lower courts have differed as to whether stay pending the completion of administrative proceedings is based on an equitable defense. Compare H. W. Caldwell & Son, Inc. v. United States ex rel. John H. Moon & Sons, Inc., 407 F.2d 21, 22 (CA5 1969), with Pepper v. Miami, 734 F.2d 1420, 142 (CA10 1984). The conflict regarding the proper characterization of Colorado River sta is just one more example of the confusion that results from requiring courts to assig obsolete labels to orders that may or may not have an analogue in the bifurcate system of equity and law.

Most important, the Enelow-Ettelson doctrine is "divorced from any rational or cohere appeals policy." Lee v. Ply*Gem Industries, Inc., 193 U.S.App.D.C. 112, 115, 593 F. 1266, 1269 (footnote omitted), cert. denied, 441 U.S. 967 (1979). Under the ru appellate jurisdiction of orders granting or denying stays depends upon a set considerations that in no way reflects or relates to the need for interlocutory revie There is no reason to think that appeal of a stay order is more suitable in cases which the underlying action is at law and the stay is based on equitable grounds than cases in which one of these conditions is not satisfied. The rule's focus on histori distinctions thus produces arbitrary and anomalous results. See Baltimore Contracto Inc. v. Bodinger, 348 U.S. at 348 U. S. 184 (noting the "incongruity of taki jurisdiction from a stay in a law-type

Page 485 U. S. 286

[proceeding] and denying jurisdiction in an equity-type proceeding"). Two orders m involve similar issues and produce similar consequences, and yet one will appealable, whereas the other will not. [Footnote 10]



declining to treat petitioner's notice of appeal as an application for the writ. The Courts of Appeals have responded in divergent ways to requests from a party to convert a notice of appeal into a petition for mandamus. See, e.g., In re Harmon, 425 F.2d 916 (CA1 1970) (treating a notice of appeal as a request for permission to file a petition for mandamus); Wilkins v. Erickson, 484 F.2d 969 (CA8 1973) (treating a notice of appeal as a petition for mandamus); 806 F.2d 928 (CA9 1987)(case below)(treating a notice of appeal as a petition for mandamus only if party shows serious hardship or prejudice). We take no position on this matter.

JUSTICE SCALIA, concurring.

I join the Court's opinion, but write separately principally to express what seems to me a necessary addition to the analysis

Page 485 U. S. 291

in Part II. While I agree that the present order does not come within the *Cohen* exception to the final judgment rule under § 1291, I think it oversimplifies somewhat to assign as the reason merely that the order is "inherently tentative." A categorical order otherwise qualifying for *Cohen* treatment does not necessarily lose that status, and become "nonfinal," merely because the court may contemplate -- or even, for that matter, invite -- renewal of the aggrieved party's request for relief at a later date. The claim to immediate relief (in this case, the right to be free of the obstruction of a parallel federal proceeding) is categorically and irretrievably denied. The court's decision is "the final word on the subject" insofar as the time period between the court's initial denial and its subsequent reconsideration of the renewed motion is concerned. Thus, it is inconceivable that we would hold denial of a motion to dismiss an indictment on grounds of absolute immunity (an order that is normally appealable at once, see *Nixon v. Fitzgerald*, 457 U. S. 731 (1982)), to be nonfinal and unappealable simply because the court announces that it will reconsider the motion at the conclusion of the prosecution's case.

In my view, refusing to apply the *Cohen* exception makes little sense in the present case because not only (1) the motion is likely to be renewed and reconsidered, but also (2) the relief will be just as effective, or nearly as effective, if accorded at a later date -- that is, the harm caused during the interval between initial denial and reconsideration will not be severe. Moreover, since these two conditions will almost always be met when the asserted basis for an initial stay motion is the pendency of state proceedings, the more general conclusion that initial orders denying *Colorado River* motions are never immediately appealable is justified.

I note that today's result could also be reached by application of the rule adopted by the First Circuit, that, to come within the *Cohen* exception, the issue on appeal must involve "an important and unsettled question of controlling law, not merely a question of the proper exercise of the trial court's

Page 485 U. S. 292

discretion." *Boreri v. Fiat S.P.A.* 763 F.2d 17, 21 (1985), quoting *United States v. Sorren*, 605 F.2d 1211, 1213 (1979). See also e.g., *Sobol v. Heckler Congressional Committee*, 709 F.2d 129, 130-131 (1983); *Midway Mfg. Co. v. Omni Video Games, Inc.*, 668 F.2d 70, 71 (1981); *In re Continental Investment Corp.*, 637 F.2d 1, 4 (1980). This approach has some support in our opinions, see *Cohen v. Beneficial Industrial Loan Corp.*, 337 U. S. 541, 337 U. S. 546 (1949); *Coopers & Lybrand v. Livesay*, 437 U. S. 463, 437 U. S. 468 (1978), as well as in policy, see *Donlon Industries v. Forte*, 402 F.2d 935, 937 (CA2 1968) (Friendly, J.) (when an issue is reviewable only on an abuse-of-discretion basis, the "likelihood of reversal is too negligible to justify the delay and expense incident to an [immediate] appeal and the consequent burden on hard-pressed appellate courts"); *Midway Mfg. Co.*, supra, at 72

(questions of discretion "are less likely to be reversed and offer less reason for the appellate court to intervene"). This rationale has not been argued here, and we should not embrace it without full adversarial exploration of its consequences. I do think, however, that our finality jurisprudence is sorely in need of further limiting principles, so that *Cohen* appeals will be, as we originally announced they would be, a "small class [of decisions] . . . too important to be denied review." 337 U.S. at 337 U. S. 546.

Official Supreme Court caselaw is only found in the print version of the United States Reports. Justia caselaw is provided for general informational purposes only, and may not reflect current legal developments, verdicts or settlements. We make no warranties or guarantees about the accuracy, completeness, or adequacy of the information contained on this site or information linked to from this site. Please check official sources.
Copyright © Justia :: Company :: Terms of Service :: Privacy Policy :: Contact Us

